IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICHAEL ANTWI ADJEI,<br><br>        *Petitioner,*<br><br>v.<br><br>ALEJANDRO MAYORKAS, *in his official capacity as Secretary of Homeland Security, et al.*,<br><br>        *Respondents.* | Case No. 1:20-cv-01098<br>Hon. Liam O'Grady |

## MEMORANDUM ORDER

This matter comes before the Court on the parties' respective Motions for Summary Judgment. Dkt. 9 (Petitioner's Motion for Summary Judgment) and Dkt. 14 (Respondents' Motion for Summary Judgment). The matter has been fully briefed by the parties and the Court dispensed with oral argument.

The Court is tasked with determining whether the Petitioner, Michael Antwi Adjei, is eligible for naturalization as a citizen of the United States. For the reasons contained herein, Petitioner's Motion for Summary Judgment is hereby **DENIED**, and Respondents' Motion for Summary Judgment is hereby **GRANTED**.

### I. BACKGROUND

In June of 1996, Ms. Barbara Ama (then Janet) Boateng married Kinglsey Kwame Gyasi in Ghana. The couple immigrated to the United States and became lawful permanent residents in June of 1999. They separated in January of 2000 and were divorced according to Ghanaian law in April 2001. This divorce process involved Ms. Boateng's father and Mr. Gyasi's *uncle*

1

submitting a statutory declaration of the divorce. The divorce was confirmed by the Circuit Court of Ghana and was attested to before the High Court of Justice in Ghana in May of 2015, presumably as part of the instant immigration proceedings.

In November of 1996, Mr. Adjei entered the United States without inspection via the Canadian border. He met Ms. Boateng and they had a child in October of 2000 (after she had separated from Mr. Gyasi but before their divorce was made official in Ghana). Mr. Adjei and Ms. Boateng married in April 2001, and in July of the same year Ms. Boateng filed a Petition for Alien Relative. The Petition was approved in May 2005, and Mr. Adjei received permanent resident status in January of 2010.

In August of 2014, Mr. Adjei filed an Application for Naturalization. In May 2015, USCIS issued its Intent to Deny Mr. Adjei's application; the application was officially denied on three separate grounds in March of 2016. In June 2020, USCIS vacated two of the three grounds of the original denial, but has continued to deny the application based on USCIS's determination that Mr. Adjei had not been lawfully admitted for permanent residence because Ms. Boateng had not been validly divorced from Mr. Gyasi, and thus that Ms. Boateng's marriage to Mr. Adjei was invalid.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine dispute of material fact and, as such, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The parties to this action agree on the material facts at issue, so the only remaining question pertains to the legal interpretation of the facts. As such, the matter is ripe for review with an eye to summary judgment.

The principle of comity dictates that a foreign divorce valid in the country where it is performed is valid everywhere. *Jahed v. Acri*, 468 F.3d 230, 235 (4th Cir. 2006) (quoting *Matter*

2

*of Luna*, 18 I. & N. Dec. 385, 386 (BIA 1983)). However, while comity is not "mere courtesy and good will," it is also not "a matter of absolute obligation..." *Oehl v. Oehl*, 221 Va. 618, 622 (1980), (quoting *Hilton v. Guyot*, 159 U.S. 113, 163–64 (1895)). A foreign divorce will typically not be recognized by the United States or Virginia if neither divorcing spouse is domiciled in the foreign country at the time that the divorce is performed. *Jahed*, 468 F.3d at 235.

Where the divorce in question is followed by a subsequent marriage, the Court is instructed to look to the law of the state where the subsequent marriage was performed and ask whether that state would recognize the divorce. *Matter of Ma*, 15 I. & N. Dec. 70, 71 (BIA 1974). Mr. Adjei and Ms. Boateng were married in Virginia. Virginia courts have "refused to recognize another country's divorce decree in cases where neither party was domiciled in that foreign jurisdiction at the time of divorce." *Annan v. Lynch*, 202 F. Supp. 3d 596, 603 (E.D. Va. 2016).

The Eastern District of Virginia has recognized the holdings of "[o]ther courts..., applying the general principles of comity, comparable to those articulated in Virginia, [recognizing] the validity of a foreign divorce decree where neither party was domiciled in the issuing country at the time of divorce, but there were other close connections to the foreign forum." *Id.* However, for reasons explained in this Order, the Court declines to apply those principles of comity to the instant action.

### III.  DISCUSSION

The only issue before the Court is whether Virginia recognizes Ms. Boateng's 2001 divorce under Ghanaian law from Mr. Gyasi. If Virginia recognizes the divorce, then Ms. Boateng and Mr. Adjei are validly married, and the only ground provided by USCIS for denying Mr. Adjei's application for naturalization is null and void. If Virginia does not recognize the divorce, then the marriage is invalid and Mr. Adjei's application was properly denied.

Typically, the United States will not extend comity to a foreign divorce if neither divorcing spouse was domiciled in the foreign country at the time of the divorce. *Jahed*, 468 F.3d. at 235 (quoting *Matter of Luna*, 18 I. & N. Dec. at 386). Virginia applies this rule. *See Annan*, 202 F. Supp. 3d at 603; *Hewitt v. Firestone Tire & Rubber Co.*, 490 F. Supp. 1358 (E.D. Va. 1980); *Corvin v. Commonwealth*, 131 Va. 649 (1921).

Petitioner would rather this Court apply the test for comity laid out in *Matter of Ma*, which looks to the connections formed by the divorcing spouses with the foreign jurisdiction granting the divorce. *See Matter of Ma*, 15 I. & N. Dec. at 72. Under that rule, a foreign divorce may be recognized even when the divorcing spouses were not domiciled in the foreign jurisdiction which granted the divorce if they were married in that jurisdiction, lived in that jurisdiction during the marriage, had notice of the divorce despite their lack of domicile, and were citizens of that jurisdiction at the time of the divorce. *Id.*

If a single Ms. Boateng were before the Court asking for recognition of her divorce, then this test may well apply. However, the Board of Immigration acknowledged in *Matter of Ma* that this test applies only when there is no subsequent marriage. *Id.* at 71. Where there is a subsequent marriage, such as Ms. Boateng's subsequent marriage to Mr. Adjei, the Court must look to the law of the state where that subsequent marriage was celebrated. *Id.*

As explained above, the law of Virginia does not recognize Ms. Boateng's Ghanaian divorce, and so her marriage to Mr. Adjei is not valid under Virginia law.

## IV.   CONCLUSION

The state of Virginia does not extend comity to foreign divorces in which the divorcing spouses were not domiciled in the jurisdiction granting the divorce and there is a subsequent marriage celebrated within Virginia. Thus, Virginia does not recognize Ms. Boateng's Ghanaian

divorce from Mr. Gyasi, nor does it recognize her subsequent marriage to Mr. Adjei. USCIS properly denied Mr. Adjei's application for naturalization on this basis.

For theses reasons, Petitioner's Motion for Summary Judgment is hereby **DENIED** and Respondents' Motion for Summary Judgment is hereby **GRANTED**.

It is **SO ORDERED**.

March 23, 2021  
Alexandria, Virginia

Liam O'Grady  
United States District Judge